# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs February 1, 2011

## STATE OF TENNESSEE v. CRAIG ABSTON

**Appeal from the Criminal Court for Shelby County**
**No. 02-04759    W. Mark Ward, Judge**

---

**No.  W2010-01231-CCA-R3-CD  - Filed August 10, 2011**

---

Appellant, Craig Abston, was indicted by the Shelby County Grand Jury for one count of second degree murder and two counts of attempted second degree murder. He was convicted as charged and sentenced to twenty years for second degree murder, and twelve years and eight years for each attempted second degree murder conviction. The trial court ordered the twenty-year sentence and twelve-year sentence to run concurrently to each other but consecutively to the eight-year sentence for an effective sentence of twenty-eight years. On appeal, this Court reduced the twelve-year sentence to eight years, and remanded to the trial court for a new sentencing hearing regarding the consecutive sentences. *State v. Craig Abston*, No. W2007-00019-CCA-R3-CD, 2009 WL 2030432, at *4 (Tenn. Crim. App., at Jackson, July 10, 2009), *perm. app. denied*, (Tenn. Dec. 14, 2009). On remand, the trial court ordered the one eight-year sentence to be served concurrently with the twenty-year sentence and the other eight-year sentence to be served consecutively to the twenty-year sentence. Therefore, Appellant's effective sentence is twenty-eight years. On appeal, Appellant argues that the trial court erred in imposing consecutive sentences. After a thorough review of the record, we conclude that the record supports the trial court's imposition of consecutive sentences. Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are
Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

William Massey, Memphis, Tennessee, for the appellant, Craig Abston.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Appellant was the passenger in a blue sedan that was involved in an accident with a red Crown Victoria driven by the victim. *Craig Abston*, 2009 WL 2030432, at *1. The drivers got out of their vehicles. Appellant also got out of the backseat from the driver's side of the vehicle in which he was riding. *Id.* The victim and Appellant became involved in a verbal altercation. *Id.* After Appellant and the driver of the blue vehicle returned to the car, the blue car drove up next to the victim. A witness stated that he saw gunshots being fired from the backseat of the blue sedan. *Id.* The victim died as the result of a gunshot wound. *Id.* at *2. The Shelby County Grand Jury indicted Appellant for one count of second degree murder and two counts of attempted second degree murder.

Following a jury trial, Appellant was convicted of second degree murder and two counts of attempted second degree murder. *Id.* at *1. The trial court sentenced Appellant to twenty years for the second degree murder conviction; twelve years for the first attempted second degree murder conviction; and eight years for the second attempted second degree murder conviction. *Id.* The trial court ordered the twenty-year and twelve-year sentences to run concurrently with each other, but consecutively to the eight-year sentence resulting in an effective sentence of twenty-eight years. *Id.*

Appellant appealed his convictions and his sentence to this Court. *See id.* On appeal, we affirmed his convictions. However, based upon the Supreme Court's decision in *Blakely*

*v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004),[1] this Court reduced Appellant's twelve-year sentence for attempted second degree murder to eight years. *Craig Abston*, 2009 WL 2030432, at *6. In addition, this Court reversed the judgments only with regard to the imposition of consecutive sentences. *Id.* at *1. We determined that "the trial court failed to state its reasoning for imposing consecutive sentencing." *Id.* at *4. Therefore, we remanded the case to the trial court for a new sentencing hearing to address the issue of consecutive sentencing. *Id.*

On remand the trial court held a new sentencing hearing. At the conclusion of the hearing, the trial court ordered the two eight-year sentences to be served concurrently with each other and the twenty-year sentence to be served consecutively to the eight-year sentences for an effective sentence of twenty-eight years. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in ordering the twenty-year sentence to be served consecutively to the eight-year sentences. The State argues that the trial court did not err in ordering the consecutive sentences.

"When reviewing sentencing issues . . . , the appellate court shall conduct a *de novo* review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v.*

---

[1] In *Blakely*, the Supreme Court determined that the "statutory maximum" sentence is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303, 124 S. Ct. at 2537. In other words:

> [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id.* On direct appeal in the case at hand, we concluded that the record did not support the enhancement of Appellant's sentence based upon his prior convictions because he had no criminal record. *Craig Abston*, 2009 WL 2030432, at *6.

*Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; . . . .

T.C.A. § 40-35-115(b). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

This section also permits the trial court to impose consecutive sentences if the court finds, among other criteria, that "the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." T.C.A. § 40-35-115(b)(4). However, before ordering the defendant to serve consecutive sentences on the basis that he is a dangerous offender, the trial court must find that the resulting sentence is reasonably related to the severity of the crimes, necessary to protect the public against further criminal conduct, and in accord with

the general sentencing principles. *See State v. Imfeld*, 70 S.W.3d 698, 708-09 (Tenn. 2002); *State v. Wilkerson*, 905 S.W.2d 933, 938-39 (Tenn. 1995).

On remand, the trial court made the following findings:

The question that's before this court is whether the defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing the crime in which the risk to human life is high. Under this particular criteria consecutive sentences are imposed on dangerous offenders to protect society against offenders who commit aggravated crimes that pose a high risk to human life.

. . . .

In this case I do find aggravating circumstances particularly the defendant who was a member of the Crips was riding in the car with fellow gang members. And the defendant took a nine millimeter handgun and fired at least six shots, maybe more, but at least six shots into another car containing three people. Many other people were in the area and placed in danger as the incident occurred near or just after a high school football game. The shooting was not justified or necessary and the defendant showed absolute indifference to whether his multiple shots injured innocent spectators. Of course, again, this is his inconsistent statements. At one point he said he stuck the gun out the window and just started firing blindly. At another point he said he stuck the gun up in the air and started firing blindly. But, again, he's given inconsistent statements there.

In this case, but for the grace of God, he could have faced multiple murder charges. Clearly, in firing his weapon at least six times, the defendant showed no hesitation about committing a crime with the high risk to human life.

So, I think he falls within that category. Of course, there are other things that I have to consider by law. I must also consider whether the aggregate term of the sentence imposed reasonably relates to the severity of the offenses. And I must determine whether consecutive sentencing is necessary to protect the public from further serious criminal conduct by the defendant. And under this category I look at the defendant's amenability to rehabilitation. And I might say this, that the defendant in no sentencing hearing has taken the

-5-

stand or made any statement reflecting any significant remorse over this matter. He did say at trial that he had been a member of the Crips for two years. And I think these are negative – indicate negative information with regard to rehabilitation.

Also, I have to consider the sentencing purposes. The foremost purpose of a sentence is to promote justice. Every defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. Punishment is imposed in part to prevent crime and promote respect for the law by both providing an effective general deterrent to crime and also encouraging effective rehabilitation. Also, the sentencing considerations provide that the sentence imposed should be no greater than that deserved for the offenses. The sentence should be the least severe measure necessary to achieve the purposes for which the sentence [is] imposed.

And, again, I always must consider the potential or lack of potential for rehabilitation of the defendant. And I look at all these factors . . . . I think this is a case that clearly could call out for complete consecutive sentencing. I do think it's an aggravated case. I think the defendant falls within the category of a dangerous offender. . . . But, we're told to sometimes consider the youth of the defendant as it might relate to his eventual and potential rehabilitation. . . . And that's why I'm not going to make it completely consecutive . . . .

The trial court made all the appropriate findings concerning the general sentencing principles to support the imposition of consecutive sentences on the basis of Appellant being a dangerous offender. The trial court also set out its reasoning for concluding that Appellant was a dangerous offender. On appeal, Appellant argues that the trial court erred because the factors upon which the trial court relied "were inherent in the crime and were unfairly used . . . ." Appellant sets out the following five factors as those used by the trial court and his accompanying argument:

(1) the Appellant was [a] gang member riding in a car with other gang members; (2) the Appellant used a handgun to fire at least six shots into a car containing three people; (3) other people were in the area and were placed in danger; (4) the shooting was not justified; and (5) the Appellant showed indifference as whether his shots may injure innocent spectators. The second and fourth aggravators listed by the sentencing court are inherent in the crime, and as such are improper bases for sentence enhancement. Similarly, the third

and fifth aggravators are virtually identical in meaning; others aside from the named victims were put in harm's way. Therefore, because the Appellant was a gang member in the company of other gang members and members of the community other than the victims were put in harm's way, the sentencing court enhanced the Appellant's total effective sentence from 15 years to 28 years. Based on *two* aggravators, the Appellant's effective sentence was nearly doubled.

Initially, we point out that Appellant's argument that his effective sentence was nearly doubled from fifteen years to twenty-eight years is misplaced in the case at hand. Appellant bases this argument on the fact that the absolute minimum effective sentence for his convictions would be fifteen years without the application of enhancing factors and the imposition of concurrent sentences. The case at hand does not concern a challenge to the enhancing factors used by the trial court to enhance the length of Appellant's sentences. On remand, this Court ordered the trial court to reduce the length of one sentence and to revisit the imposition of consecutive sentences. Therefore, on appeal, the only issue that can be addressed is the trial court's imposition of consecutive sentences which increased the effective sentence from twenty years to twenty-eight years.

As stated above, Appellant argues that the second and fourth aggravators, the Appellant used a handgun to fire six shots into a car containing three people and the shooting was not justified are inherent in the crime. Appellant was convicted of second degree murder pursuant to Tennessee Code Annotated section 39-13-210 which states, "Second degree murder is: (1) A knowing killing of another . . . ." T.C.A. § 39-13-210 (1997). Appellant was also convicted of attempted second degree murder. Neither offense includes the use of a handgun as an element. Therefore, these factors are not inherent in the offense.

Appellant also argues that factors three and five, (3) other people were in the area and were placed in danger, (5) the Appellant showed indifference as whether his shots may injure innocent spectators, are identical in meaning. However, we disagree with Appellant. Factor (3) is that Appellant's actions placed other individuals in danger, and factor (5) is that the Appellant had no hesitation about whether he placed other individuals in danger. We conclude that these statements have very different meanings.

The trial court has followed the sentencing guidelines and set out its findings as to why it concluded that Appellant is a dangerous offender to support the imposition of consecutive sentencing. We conclude that the record supports the trial court's findings.

Therefore, this issue is without merit.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE